284 N.J. Super. 61 (1994)
663 A.2d 139
JOSE R. MUNOZ, PLAINTIFF,
v.
JOHN F. QUINN, NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOC., STANLEY AGENCY AND JOHN DOE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 8, 1994.
*62 Lawrence A. Leven, attorney for plaintiff (Leven & Rios, attorneys).
Dennis F. Carey, III, attorney for defendants (Dwyer, Connel & Lisbona, attorneys).
BILDER, J.A.D. (retired and temporarily assigned on recall).
This is an insurance coverage question. More specifically it is a question of the efficacy of a notice of cancellation of a New Jersey Automobile Full Insurance Underwriting Association (FIUA) automobile policy where the notice was mailed before the due date of the premium whose non-payment is the justification for the cancellation. The policy in question was canceled effective October 3, 1990 for non-payment of a premium due that same day. Plaintiff seeks PIP, lost wages and property damage reimbursement resulting from an accident which occurred on October 17, 1990. Defendant does not dispute plaintiff's entitlement to these if there is coverage.
On September 19, 1990, 15 days before the premium due date, defendant mailed a notice to plaintiff advising him his policy would be canceled effective 12:01 a.m. October 3, 1990 if the October 3, 1990 premium was unpaid. The parties agree that the notice was sent and received and that the premium was unpaid.
In reliance upon Christian v. Ormsby, 267 N.J. Super. 237, 631 A.2d 158 (Law Div. 1992), a case also involving a FIUA policy, plaintiff contends that the cancellation notice, sent prior to his default, was invalid and unenforceable because it was premature and violated a legislative provision for a 15 day grace period for the cure of a default in the payment of a premium.

*63 N.J.S.A. 17:29C-7(A)(a) permits cancellation for "non-payment of premium". N.J.S.A. 17:29C-8 requires that where cancellation is for non-payment of premium, the insurer must give the policyholder "at least 15 days notice of cancellation accompanied by the reason therefor." When these sections of the statutes are read together with the statutory definition of "non-payment of premium," it is apparent that the Legislature intended to provide policyholders with a fifteen-day grace period after default in the payment of a premium under an automobile insurance policy before the insurer can effectively cancel the policy. This additional notice was intended to provide policyholders who default in payment of their premium an opportunity during the fifteen-day grace period to pay the past due premiums and keep the policy in force. Accordingly, the notice of cancellation for "non-payment of premium" issued at a point in time when plaintiffs had not failed to discharge when due their premium payment obligations is invalid and unenforceable because it was premature and because it violated the legislative intent as construed above. [Id. at 266-267, 631 A.2d 158.]
I agree with Judge Schwartz' interpretation of the 15 day provision of N.J.S.A. 17:29C-8 substantially for the reasons he expressed in his opinion. In addition, I believe that such an interpretation advances the broad legislative purpose of maintaining automobile coverage.
More importantly I note that the policy itself contains a cancellation provision which reads:
We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:
a. at least 15 days notice;
(1) If cancellation is for non-payment of premium;
Read as an ordinary policy holder would understand it, this provision permits notice after non-payment, not before. See Kissil v. Beneficial Nat. Life Ins. Co., 64 N.J. 555, 561, 319 A.2d 67 (1974). This construction accords with the policy holder's reasonable expectations and also with the oft-repeated principle that ambiguities should he construed in favor of the insured and in favor of coverage. See Search EDP v. American Home Assur., 267 N.J. Super. 537, 542, 632 A.2d 286 (App.Div. 1993), certif. den., 135 N.J. 466, 640 A.2d 848 (1994).
Judgment will be entered in favor of the plaintiff declaring coverage. Order to be submitted.