663 A.2d 108

JOSE R. MUNOZ, PLAINTIFF/RESPONDENT, v. NEW JERSEY
AUTOMOBILE FULL INSURANCE UNDERWRITING
ASSOCIATION, DEFENDANT/APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 5, 1995—Decided May 24, 1995.

1

2

Before Judges SKILLMAN, WALLACE and KLEINER.

*Dwyer, Connell & Lisbona,* attorneys for appellant *(Dennis F. Carey, III,* on the brief).

*Leven & Rios,* attorneys for respondent *(Lawrence A. Leven,* on the brief).

PER CURIAM.

The judgment is affirmed for the reasons expressed by Judge Bilder in his written opinion of March 8, 1994. *Munoz v. Quinn,* 284 *N.J.Super.* 61, 663 *A.*2d 139 (Law Div.1994). Judge Bilder relied on the view expressed by Judge Schwartz in *Christian v. Ormsby,* 267 *N.J.Super.* 237, 263, 631 *A.*2d 158 (Law Div.1992), in concluding that the cancellation notice was invalid and unenforceable because it was premature and violated a legislative provision for a fifteen day grace period for the cure of a default in the payment of a premium. We fully subscribe to the reasoning set forth in *Christian.*

We are satisfied that pursuant to *N.J.S.A.* 17:29C–8, an insurer may not issue a valid notice of cancellation for nonpayment of premium under *N.J.S.A.* 17:29C–7(A)(a) until the insured fails to pay the premium by the premium due date. That is, the notice

of cancellation must postdate the premium due date. Contrary to appellant's contention, our conclusion does not necessarily mean that an insured who defaults in paying a premium will automatically receive fifteen days of free insurance. We are not aware of any insurance statute or regulation which would preclude, at least with regard to renewal policies, an insurer from fixing a premium due date fifteen or more days before the date on which coverage is due to expire. In that event, the insurer may be able to effectuate cancellation immediately after expiration of the period for which the insured has paid for coverage.

Affirmed.